UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

BYBROOK CAPITAL MASTER FUND LP, and       :
BYBROOK CAPITAL HAZELTON MASTER           :
FUND LP,                                  :
                                          :   15 Civ. 2369 (TPG)
                              Plaintiffs, :   15 Civ. 7367 (TPG)
                                          :
                  v.                      :
                                          :
THE REPUBLIC OF ARGENTINA,                :
                                          :
                              Defendant.  :
-------------------------------------------------------------------X

## MEMORANDUM OF LAW OF THE REPUBLIC OF ARGENTINA IN OPPOSITION TO PLAINTIFFS' "ME TOO" MOTIONS SEEKING SPECIFIC PERFORMANCE

Defendant the Republic of Argentina (the "Republic") submits this memorandum of law in opposition to plaintiffs' motions for specific performance, dated September 23, 2015, seeking injunctions purportedly enforcing their *pari passu* rights in connection with purported holdings of over $16 million in principal of outstanding Republic debt.

The existing *pari passu* injunctions, which seek to coerce an approximately $1.76 billion payment to a subset of holdout creditors, have had their intended effect of blocking contractually owed interest payments on $28 billion of restructured Republic indebtedness. Now, as the Republic warned, hundreds of additional holdout creditors holding billions of dollars more of default debt have requested the same counterproductive relief.  *See, e.g.*, Mem. of Law in Supp. of the Mot. by NML Capital, Ltd. for Specific Performance, *NML Capital, Ltd. v. Republic of Argentina*, No. 14 Civ. 8601 (TPG) (S.D.N.Y. Aug. 14, 2015).  Specifically, *530* creditors now demand identical injunctions seeking to compel the Republic to make a lump sum "ratable payment" to them of over $6.15 billion, on top of the 1.76 billion already subject to the existing injunctions.  If granted, the Court's orders would require the Republic to pay

approximately *$8 billion* – a figure that does not even account for the billions of dollars of additional non-performing debt not subject to these motions or the existing injunctions – to holdout creditors any time it makes a payment of principal or interest to holders of the Exchange Bonds.

Plaintiffs here ask that their claims for over $16 million in principal be added to this mountain.  So as not to burden the Court with repetitive briefing, and to preserve all arguments for any future appellate review, the Republic incorporates the arguments set forth in its Memorandum of Law in Opposition to Motions in 45 Actions Seeking Specific Performance, attached as Exhibit A to the Declaration of Elizabeth C. Block ("Block Decl.").  For the reasons set forth there, and incorporated here, the Republic continues to oppose the requested injunctive relief.

As a threshold matter, and as set forth in the Republic's Memorandum of Law in Opposition to Plaintiffs' "Me Too" Motion for Partial Summary Judgment, *Bybrook Capital Master Fund LP et al. v. Republic of Argentina*, No. 15 Civ. 7367 (TPG), Dkt. No. 16 (the "Republic's Partial Summary Judgment Opposition"), plaintiffs' motion in action No. 15 Civ. 7367 (TPG) should be rejected as premature.  As demonstrated in the Republic's Partial Summary Judgment Opposition, plaintiffs' demand for summary judgment is premature because under the Foreign Sovereign Immunities Act ("FSIA"), 22 U.S.C. § 1608(d), the Republic has 60 days after service to answer or otherwise respond to plaintiffs' complaint and that period will not expire until November 17, 2015.  This reasoning applies all the more in the context of the present motion which seeks the ultimate relief of an injunction enforcing the *pari passu* clause.

Second, plaintiffs' requests for injunctive relief must be denied because compliance would be impossible and the injunctions would be contrary to the public interest.  As the Republic stated in its prior submission:

> [Although the] holdout creditors . . . assured the Court that [the *pari passu* injunctions'] unprecedented interference with the rights of the other completely legitimate creditors – the third-party Exchange Bondholders – would give them the leverage they needed to "end the litigation" . . . [in fact,] this alleged panacea proved to be the opposite of effective and the injunctions have not ended the litigation – to the contrary, they have made it even *more* difficult for the parties to reach a resolution in these disputes, while at the same time causing undeserved harm to the Exchange Bondholders. The existing injunctions have therefore done only harm and no good – the exact opposite of what an "equitable" order should accomplish.

Block Decl., Ex. A at 1.  Plaintiffs' motions here would only further exacerbate the injustice that has already been done, both to the Republic and to the Exchange Bondholders.

Dated: New York, New York
      October 13, 2015

      Respectfully submitted,

      CLEARY GOTTLIEB STEEN & HAMILTON LLP


      By: _____/s/ Carmine Boccuzzi_____
          Jonathan I. Blackman (jblackman@cgsh.com)
          Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

      One Liberty Plaza
      New York, New York 10006
      (212) 225-2000
      Attorneys for the Republic of Argentina

Of Counsel:

Elizabeth C. Block
Elizabeth M. Hanly
Natasha N. Bronn